UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                           :

RICHARD BAZIGNAN,                     :

                  *Plaintiff,*      :

                               :

  *-against-*                     :

                               :       13 Civ. 8382 (PAC)

TEAM CASTLE HILL CORP., d/b/a   :
PAPA JOHN'S PIZZA,

                          :       **OPINION & ORDER**

            *Defendants.*      :

                               :

                               :

-------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

     On February 9, 2015, the Court held an inquest on damages in this wage-and-hour matter.

Plaintiff Richard Bazignan ("Plaintiff"), a former employee of Defendants Team Castle Hill

Corp. ("Defendants"), testified as the sole witness.  The parties have now submitted proposed

findings of fact and conclusions of law, along with proposed damages calculations.  The Court

finds for the Plaintiff and awards damages in the amounts indicated.

**DISCUSSION**

I.    **Procedural History**

     Plaintiff filed this suit on November 22, 2013, alleging violations of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§

650 *et seq.*  The Complaint includes allegations of minimum wage and overtime violations,

violations of the spread of hours and wage statement provisions, conversion, and retaliation.

Dkt. 1.  After originally defaulting, *see* Dkt. 7, Defendants sought to vacate the Clerk of Court's

entry of default and filed an answer, Dkt. 12.  After answering on July 11, 2014, Defendants

otherwise failed to participate in the litigation.  On October 6, 2014, Defendants' counsel sought

to withdraw as counsel, arguing that because he represented Defendants pursuant to an indemnity

clause in the Sales Agreement between Defendants and purchasers of Defendants' business, and

because the purchasers and Defendants were opposing each other in a separate litigation, a

conflict of interest existed.  *See* Dkt. 20.  The Court rejected this request.  Dkt. 23.  On

November 24, 2014, Plaintiff informed the Court that Defendants had refused to participate in

discovery, Dkt. 25, and Defendants' counsel represented that Defendants were not cooperating in

his requests for documents, Dkt. 26.  Accordingly, on November 26, 2014, the Court struck

Defendants' answer, reinstated the certificate of default, and reinstated Plaintiff's motion for

default.  Dkt. 27.  Defendants' counsel again sought to withdraw on December 4, 2014, Dkt. 28,

and the Court denied the request on January 5, 2014, Dkt. 31.  An inquest to determine damages

was held on February 9, 2015, and consisted only of Plaintiff's testimony.

## II.     Findings of Fact[1]

Plaintiff worked for Defendants from March 25, 2013 until July 21, 2013.  *See* Pl. Mem.

at 3, ¶ 1.  Defendants' business generated at least $1,095,000 per year and was open every day of

the year.  *Id.* ¶¶ 2-3.  Plaintiff worked at two locations owned by Defendants: 2241 Westchester

Avenue, Bronx, New York, and 6 Glen Head Road, Long Island.  *Id.* ¶ 4.  These locations were

open to customers from 10 a.m. to 1 a.m. Sunday through Thursday, and 10 a.m. to 2 a.m. on

Friday and Saturday.  *Id.* ¶ 5.  Plaintiff's hours were from 10 a.m. to 2:30 a.m. Sunday through

Thursday, and from 10 a.m. to 4 a.m. on Friday and Saturday.  *Id.* ¶¶ 7-8.  Accordingly, Plaintiff

---

[1] The Court found Plaintiff to be a credible witness and credits the majority of Plaintiff's testimony.  Moreover,
Defendants' default constitutes an admission of the well-pleaded allegations of liability.  *See Cement & Concrete
Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012).

worked 16.5 hours per day from Sunday through Thursday and 18 hours per day on Friday and

Saturday. *Id.* ¶¶ 7-8. Plaintiff received no uninterrupted breaks throughout the day. *Id.* ¶ 9. He

received two days off per month, which took place the second and last Monday of each month.

*Id.* at 4, ¶ 10. While Defendants utilized a computer system to track employees' hours, managers

clocked Plaintiff in and out and did not allow Plaintiff to review, revise, or approve the hours

recorded. *Id.* ¶ 11. As a result, the hours recorded are inaccurate. *Id.* Plaintiff received a

portion of his wages in cash and a portion by check every week, except for his final two weeks,

when he received only cash. *Id.* ¶¶ 12-13. Plaintiff was paid between $70 and $322 per week in

cash; he received $70 in cash his first week of work and $322 in cash for his last week. *Id.* ¶¶

17-19. These wages were intended to compensate Plaintiff for forty hours of work, and he did

not receive compensation for any additional hours. *Id.* ¶ 14. Plaintiff did not receive "spread of

hours" wages for shifts in which he worked ten hours or longer. *Id.* ¶ 16. Defendants provided

Plaintiff with wage statements which inaccurately reported hours worked by Plaintiff and tips

Plaintiff received. *Id.* at 5, ¶ 20. Defendants deducted wages from Plaintiff's paycheck for tax

purposes, but Plaintiff never received any documentation indicating that the taxed wages had

been remitted to the government. *Id.* ¶ 21. Plaintiff began complaining to his manager every day

starting his second or third week of work regarding Defendants' failure to pay minimum wage or

overtime. *Id.* ¶ 22. He complained about this on the day he was terminated. *Id.* ¶ 24.

III.    **Conclusions of Law and Damages Calculations**

    A. **Actual Damages under the FLSA and the NYLL**

        Plaintiff has established a violation of the minimum wage and overtime provisions of the

FLSA. Under the FLSA, all employers must pay employees no less than the minimum wage,

and must compensate employees for hours worked over forty hours per week at a rate not less

than 1.5 times the regular rate of pay.  29 U.S.C. § 206(a)(1), § 207(a)(1).  The FLSA applies to employers with an annual gross volume of sales of at least $500,000.  *Id.* § 203(s)(1)(A)(ii). Likewise, the NYLL requires employers to pay the minimum wage and overtime for hours worked over forty hours at a rate of 1.5.  N.Y. Lab. Law §§ 198(1-a), 663(1), N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.1, 142-2.2.  During Plaintiff's employment with Defendants, the minimum wage under both federal and New York state law was $7.25.  29 U.S.C. § 206(a)(1)(C); N.Y. Comp. Codes. R. & Regs. tit. 12, § 142-2.1.

Here, Plaintiff credibly testified that he worked between 102 and 118.5 hours per week. He also testified that Defendants earned between $3000 and $5000 per day, which represents at least $1,095,000 per year.[2]  Moreover, Plaintiff testified that his weekly salary was intended to cover forty hours of work.  Plaintiff's calculations[3] reflect that for all but his third and final weeks of work, Plaintiff was paid below the minimum wage.  Plaintiff's calculations to determine actual damages are reflected in the chart below, and a review of these calculations confirm their accuracy.  Accordingly, under the FLSA, Plaintiff is entitled to $13,927 in actual damages.

---

[2] In their response, Defendants argue that Plaintiff has failed to provide proof that Defendants' business satisfies the FLSA's gross income threshold.  Def. Mem. at 3.  Plaintiff's testimony on this issue is uncontroverted; as a result, this argument is rejected.

[3] Plaintiff calculates the regular rate of pay by dividing the total amount paid that week by 40.  Where that results in a figure below minimum wage, Plaintiff calculates the overtime rate owed by using the minimum wage.  Plaintiff calculates the amount owed on the minimum wage violations by determining the difference between $290 ($7.25 per 40 hours) and the amount actually paid.

| Week Ending | Hours Worked | Unpaid Hours | Amount Paid by Check | Amount Paid by Cash | Total Amount Paid | Regular Rate of Pay | Overtime Rate of Pay | Actual Damages (minimum wage plus overtime) |
|---|---|---|---|---|---|---|---|---|
| 3/31/13 | 118.5 | 78.5 | $66.41 | $70.00 | $136.41 | $3.41 | $10.88 | $1,007.68 |
| 4/7/13 | 118.5 | 78.5 | $66.38 | $196.00 | $262.38 | $6.56 | $10.88 | $881.70 |
| 4/14/13 | 102 | 62 | $102.94 | $196.00 | $298.94 | $7.47 | $11.21 | $695.02 |
| 4/21/13 | 118.5 | 78.5 | $81.22 | $196.00 | $277.22 | $6.93 | $10.88 | $866.86 |
| 4/28/13 | 102 | 62 | $70.90 | $196.00 | $266.90 | $6.67 | $10.88 | $697.66 |
| 5/5/13 | 118.5 | 78.5 | $74.49 | $196.00 | $270.49 | $6.76 | $10.88 | $873.59 |
| 5/12/13 | 118.5 | 78.5 | $84.84 | $196.00 | $280.84 | $7.02 | $10.88 | $863.24 |
| 5/19/13 | 102 | 62 | $84.95 | $196.00 | $280.95 | $7.02 | $10.88 | $683.61 |
| 5/26/13 | 118.5 | 78.5 | $60.71 | $196.00 | $256.71 | $6.42 | $10.88 | $887.37 |
| 6/2/13 | 102 | 62 | $87.46 | $196.00 | $283.46 | $7.09 | $10.88 | $681.10 |
| 6/9/13 | 118.5 | 78.5 | $60.06 | $196.00 | $256.06 | $6.40 | $10.88 | $888.02 |
| 6/16/13 | 102 | 62 | $56.09 | $196.00 | $252.09 | $6.30 | $10.88 | $712.47 |
| 6/23/13 | 118.5 | 78.5 | $74.22 | $196.00 | $270.22 | $6.76 | $10.88 | $873.86 |
| 6/30/13 | 102 | 62 | $58.92 | $196.00 | $254.92 | $6.37 | $10.88 | $709.64 |
| 7/7/13 | 118.5 | 78.5 | $59.74 | $196.00 | $255.74 | $6.39 | $10.88 | $888.34 |
| 7/14/13 | 102 | 62 | $0.00 | $196.00 | $196 | $4.90 | $10.88 | $768.56 |
| 7/21/13 | 118.5 | 78.5 | $0.00 | $322.00 | $322 | $8.05 | $12.08 | $948.28 |

The NYLL allows employees to recover compensation for an extra hour for each day during which an employee works more than ten hours per day. N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4. Plaintiff has credibly shown that he worked for ten hours or longer on 112 days during his employment. Accordingly, applying the minimum wage rate, Plaintiff is entitled to $812 in spread of hours damages under the NYLL.

**B. Liquidated Damages**

The FLSA grants liquidated damages for violations of the overtime provision in an amount equal to that of actual damages. 29 U.S.C. § 216(b). While an exception exists for employers who acted in good faith, *id.* § 260, Defendants have not suggested the existence of good faith. Accordingly, Plaintiff is entitled to $13,927 in liquidated damages under the FLSA.

Likewise, the NYLL authorizes liquidated damages in an amount equal to that of actual damages. N.Y. Lab. Law §§ 198(1-a), 663(1). While a split of authority exists on whether a plaintiff may recover liquidated damages under both the FLSA and the NYLL for the same violations during the same time period, the majority of courts in the Second Circuit allow for the simultaneous recovery of both forms of liquidated damages. *See Yu Y. Ho v. Sim Enters.*, 2014 WL 1998237, at \*17-19 (S.D.N.Y. May 14, 2014); *accord Easterly v. Tri-Star Transport*, 2015 WL 337565, at \*2 (S.D.N.Y. Jan. 23, 2015). Plaintiff is thus also entitled to \$14,739 (\$13,927 + \$812) in liquidated damages under the NYLL (inclusive of damages for the NYLL spread of hours violation).

## C. Failure to Furnish Proper Wage Statements

Under the NYLL, the failure to provide employees with accurate wage statements is a violation for which plaintiffs are entitled to \$100 per work week in statutory damages. New York Lab. Law § 195(3). Such damages are capped at \$2500. *Id.* § 198(1-d).[4]

Plaintiff has credibly testified, and demonstrated, that the wage statements provided by Defendants were inaccurate, and that Defendants failed to furnish Plaintiff with any wage statement for his final two weeks of work. Plaintiff's employment lasted for 17 weeks, during which he never received a proper wage statement. Accordingly, he is entitled to \$1700 for Defendants' failure to provide proper wage statements.

---

[4] On February 27, 2015, this section was amended to provide for a weekly amount of \$250 with a statutory cap of \$5000.

6

**D. Retaliation**

Plaintiff requests $50,000 in compensatory and punitive damages for retaliation and the emotional distress he consequentially suffered. The NYLL prohibits retaliation against employees who have complained to the employer about any NYLL violations, N.Y. Lab. Law § 215(1)(a), and a proper retaliation claim requires a plaintiff to demonstrate a nexus between the complaint and the retaliatory action, *Higueros v. N.Y. State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342, 347 (E.D.N.Y. 2007). Here, the Court finds that Plaintiff has not demonstrated a nexus between Plaintiff's complaints and his termination. Plaintiff complained each day of his employment beginning his second week of work, yet Defendants continued to employ him for approximately four additional months. Plaintiff's allegations fail to demonstrate how Plaintiff's termination was triggered by complaints he made daily for a substantial amount of time. Although Plaintiff argues that Defendants' proffered reason for Plaintiff's termination is pretextual, Pl. Mem. at 14, the dearth of facts linking the termination to the complaints renders Plaintiff's retaliation allegations conclusory. Accordingly, the Court denies Plaintiff's request for compensatory and punitive damages for retaliation.

**E. Conversion**

Plaintiff requests $107.83 in actual damages for conversion and the same amount in punitive damages. A claim for conversion under New York law requires a showing of "plaintiff's legal ownership or immediate superior right of possession to property; and [] defendant's unauthorized interference with plaintiff's ownership or possession of such property." *Lama v. Malik*, 2014 WL 5590785, at *7 (E.D.N.Y. Nov. 3, 2014) (citing *Weizmann Inst. of Sci. v. Neschis*, 229 F. Supp. 2d 234, 253 (S.D.N.Y. 2002)). Plaintiff asserts that Defendants committed conversion by withholding money from Plaintiff's paycheck, allegedly for tax

purposes, without remitting such money to the government. Pl. Mem. at 15-16. Plaintiff argues

that he is entitled to the full amount deducted, as well as an equal amount in punitive damages,

because "conversion resembles an improper deduction under New York law," and punitive

damages for such NYLL violations is awarded at an amount equal to actual damages. *Id.* at 16.

The Court agrees that Plaintiff is entitled to actual damages for conversion. Plaintiff

credibly testified that while his wage statements reflected deductions for tax purposes, he never

received documentation that the money had been remitted to the government. The Court,

however, declines to grant punitive damages. Punitive damages are recoverable when "the

circumstances establish that the conversion was accomplished by malice or reckless or willful

disregard of the plaintiff's right." *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 341-42

(S.D.N.Y. 2005) (internal citations omitted). Plaintiff's complaint does not allege malice or

reckless or willful disregard, and no such testimony was introduced during the inquest nor

suggested in Plaintiff's submissions. As a result, the Court denies Plaintiff's request for punitive

damages for conversion and awards Plaintiff $109.83[5] in actual damages for conversion.

**F. Attorneys' Fees**

Plaintiff's counsel seeks $23,871 in attorneys' fees and $947.47 in costs. Under both the

FLSA and the NYLL, the prevailing party in wage and hour cases is entitled to recover costs and

reasonable attorneys' fees. 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1). A reasonable fee is

calculated by determining "the lodestar—the product of a reasonable hourly rate and the

reasonable number of hours required by the case—which creates a presumptively reasonable

fee." *Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir. 2014) (internal citation, alterations,

---

[5] Plaintiff misreads his own records and as a result has incorrectly calculated the amount improperly withheld. The Court notes that the pay stub for the period 5/27/2013 through 6/09/2013 reflects that $8.90 was withheld from Plaintiff's paycheck, and not the $6.90 that Plaintiff used in calculating damages.

8

and quotation marks omitted).  In assessing the reasonableness of attorneys' fees, the Court must

consider: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the

level of skill required to perform the legal service properly; (4) the preclusion of employment by

the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether

the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances;

(8) the amount involved in the case and the results obtained; (9) the experience, reputation and

ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the

professional relationship with the client; . . . (12) awards in similar cases;" and the fact that "a

reasonable, paying client wishes to spend the minimum necessary to litigate the case

effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d

182, 186 n.3, 190 (2d Cir. 2008).

Plaintiff's counsel has submitted a declaration attaching the contemporaneous time

records kept by the firm as well as a chart calculating the lodestar, which reflects the hourly rates

requested and the amount of hours spent by each attorney.  *See* Declaration of Michael J.

Borrelli, Esq.  The Court notes that Plaintiff's counsel has reduced its usual hourly billing rates

in submitting this request.  *Id.* ¶¶ 17-18, 42-43, 55-56, 59-60, 62-63, 65.  Plaintiff was

represented by Michael J. Borrelli, Alexander T. Coleman, Peter J. Famighetti, and Alexander

Gastman of Borrelli and Associates.  After reviewing the resumes, time records, and calculations

submitted by Plaintiff's counsel, the Court finds that Plaintiff's attorneys' fees request is

reasonable.  Plaintiff's counsel spent a total of 118.18 hours on this litigation.  This amount of

time was reasonable and represents what "a reasonable attorney would have engaged in," *Grant

v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).  While this case involved limited discovery, no

depositions, and no substantive motions, litigation has been ongoing since November 2013, and

Plaintiff's counsel was forced to spend significant time attempting to contact Defendants, as well as preparing various letters in response to Defendants' counsel's numerous requests to withdraw, in addition to the work otherwise necessary to the litigation.

The most significant expenditure of time on the case was from an associate attorney, Gastman, seeking $200 per hour. Based on his three years of experience, this is a reasonable hourly rate. *See Chen v. TYT East Corp.*, 2013 WL 1903735, at *3 (S.D.N.Y. May 8, 2013). Alexander Coleman, the Senior Counsel, and Michael Borrelli, the partner, spent only 9.9 and 10.4 hours, respectively, on this litigation, and request hourly rates of $400 and $300, respectively. This approach served to reduce costs, and reflects both a reasonable amount of time and a reasonable hourly rate. *See Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474-76 (S.D.N.Y. 2009). The amount of time spent by Plaintiff's counsel's paralegals, was well as the hourly rate requested for them, is also reasonable. *Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, 2015 WL 128020, at *8 (E.D.N.Y. Jan. 8, 2015) (finding $75 per hour a reasonable fee for paralegal work and citing cases).

Defendants argue in opposition to the request for attorneys' fees that Plaintiff is not entitled to attorneys' fees because he has not established his FLSA or NYLL claims; that Plaintiff's request is excessive; and that Plaintiff's fees should be limited to the attorneys who prepared filings in this case or appeared in this case. Def. Mem. at 6. Defendants state that Defendants' counsel has "never dealt with Michael Borrelli, Esq., who is requesting $400.00 per hour in this matter." *Id.* These arguments are rejected. First, Plaintiff is only requesting attorneys' fees for attorneys who have filed Notices of Appearance in this case, that is, Gastman, Coleman, Borrelli, and Famighetti. Next, it is unreasonable to assume that the only necessary work performed on this case was by those who appeared or performed filings in the case.

Finally, with respect to Defendants' argument regarding Michael Borrelli, it is entirely reasonable that Borrelli would spend some amount of time supervising this case without interacting with Defendants' counsel.  For these reasons, Defendants' arguments are meritless.

A review of Plaintiff's counsel's Statement of Costs, Ex. B to the Declaration of Michael J. Borrelli, Esq., demonstrates that all costs in this case were reasonable.  Accordingly, Plaintiff's request for costs is granted.

### G. Pre-Judgment Interest

Plaintiff requests pre-judgment interest on the minimum wage, spread of hours, and overtime claims under the NYLL.  A plaintiff is entitled to pre-judgment interest on claims under the NYLL.  *See Begum v. Ariba Discount, Inc.*, 2015 WL 223780, at *3 (S.D.N.Y. Jan. 2015) (citing *Reilly v. Natwest Markets Grp. Inc.*, 181 F.3d 253, 265 (2d Cir. 1999)).  The N.Y. CPLR applies a statutory interest rate of 9% per year and instructs that interest should be computed "upon each item due from the date it was incurred or upon all the damages from a single reasonable intermediate date."  N.Y. C.P.L.R. §§ 5001(b), 5004.

Plaintiff suggests that a reasonable mid-point for determining interest is May 23, 2013, and the Court agrees.  This is approximately halfway between the beginning and end of Plaintiff's employment with Defendants.  Using that date, Plaintiff has calculated the interest owed on the period from May 23, 2013 to May 23, 2014 as $1326.51.  The Court agrees with this calculation.  The Court rejects Plaintiff's calculations of interest for the period from May 23, 2014 until February 16, 2015 (the date Plaintiff's memorandum was submitted), which he asserts amounts to $1445.90.  Plaintiff's proposed formula is correct; however, Plaintiff erred in applying this formula.  The correct amount of interest for the period from May 23, 2014 to

February 16, 2015 is \$1069.57. Accordingly, the total amount of pre-judgment interest owed is \$2396.08.

Plaintiff requests \$300.19 in pre-judgment interest on his claim for attorneys' fees. But Plaintiff has failed to explain why he is entitled to pre-judgment interest on attorneys' fees, and his brief addresses only his entitlement to pre-judgment interest on his NYLL claims for unpaid minimum wage, spread of hours, and overtime. *See* Pl. Mem. at 17. Accordingly, this request is denied.

## H. Post Judgment Interest

Plaintiff requests that post-judgment interest be awarded in accordance with 28 U.S.C. § 1961. Post-judgment interest is mandatory on awards in civil cases. *Schipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008). Accordingly, Plaintiff is entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961(b).

## CONCLUSION

For the foregoing reasons, Plaintiff is entitled to damages in the following amounts. The

Clerk of Court is directed to enter judgment awarding Plaintiff the below amounts and to close

this case:

Actual Damages (FLSA and NYLL): $13,927

New York Spread of Hours: $812

FLSA Liquidated Damages: $13,927

NYLL Liquidated Damages: $14,739

Wage Statement Violations: $1700

Conversion: $109.83

Attorneys' fees: $23,871

Attorneys' costs: $947.47

Pre-Judgment Interest: $2396.08

Post-Judgment Interest: in accordance with 28 U.S.C. § 1961(b), but excluding attorneys' fees.

Dated: New York, New York
     March 5, 2015

SO ORDERED

*Paul A. Crotty*

PAUL A. CROTTY
United States District Judge